FILED
SEP 15 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 10-20818-E-13L
) Docket Control No. APN-1
ROBERT EUGENE RUSSELL and )
RACHEL GOQUINGCO RUSSELL, )
)
    Debtors. )
_____ )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issues preclusion.**

**MEMORANDUM OPINION AND DECISION**
Objection to Confirmation of Plan
and
Motion to Value Secured Claim of Wells Fargo Bank

Two related matters have been presented to the court in connection with the proposed Chapter 13 Plan in this case. Wells Fargo Bank, N.A. ("Wells Fargo") has filed an Objection to confirmation of the proposed Chapter 13 Plan filed by Robert and Rachel Russell, the Chapter 13 debtors ("Debtors"). This objection to confirmation is based on Well Fargo's opposition to the Debtors' motion to value the Wells Fargo secured claim pursuant to 11 U.S.C. §506(a). The total Wells Fargo claim is $113,108.77, of which the Debtors assert $0.00 is Wells Fargo's secured claim. Both matters were set for an evidentiary hearing. The court issues this Memorandum Opinion and Decision, which shall constitute the findings of fact and conclusions of law in support of the orders it

issues confirming the Debtors' Chapter 13 Plan and determining the value the Wells Fargo secured claim.

The ultimate dispute of the parties is the value of the Debtors' real property commonly known as 6312 Di Lusso Drive, Elk Grove, California (the "Di Lusso Property"). This is the Debtors' residence. The Debtors value the Di Lusso Property at $135,000.00 and Wells Fargo values the Di Lusso Property at $178,000.00. Wells Fargo holds a claim secured by a second trust deed against the Di Lusso Property. The senior trust deed against the Di Lusso Property secures a claim in the amount of $159,465.00. If the Debtors are correct in their valuation, then under 11 U.S.C. §506(a) Wells Fargo's secured claim would be valued at $0.00. *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997), appeal dismissed, 192 F.3d 1309 (9th Cir. 1999). However, if Wells Fargo is correct, then the claim is treated as a secured claim for the full $113,108.77. 11 U.S.C. §1322(b)(2).

**Valuation of the Di Lusso Property**

The Debtors provided the testimony of Scott Miller, an appraiser, for the value of the Di Lusso Property. Mr. Miller testified that the value of the Di Lusso Property is $135,000.00. This valuation opinion was based on his personal inspection of the Di Lusso Property, consideration of comparable properties, and his experience in the industry. Mr. Miller's appraisal report was admitted into evidence as Exhibit "A."

Three comparables identified by Mr. Miller were for similar single family homes within .22 miles to .58 miles from the Di Lusso Property. For the comparables, one was an REO sale by the lender

and two were short sales. Before adjustments, the gross sales prices for these properties ranged from $137,000.00 to $150,000.00.

In describing the Di Lusso Property, Mr. Miller testified in his appraisal report that: "There are no physical inadequacies. The property is average(-) condition. No functional obsolescence. Recommend new paint and carpeting. Some minor repair to sheetrock needed." He further testified, "There is evidence of structural settlement, water leakage around top of door frames. Recommend GHE inspection."

In coming to his opinion as to value, Mr. Miller considered an estimated $32,188.00 in remodel and repair expense which the Debtors disclosed to Mr. Miller. Copies of the estimates were attached to the appraisal, but no evidence was submitted to the court as to the actual repairs and costs.

Wells Fargo presented the testimony of Theresa M. Huffman, an appraiser, in support the bank's valuation of the Di Lusso Property. Ms. Huffman testified that the Di Lusso Property has a value of $178,000.00. Ms. Huffman's appraisal report was admitted as Exhibit "5." Her testimony was based upon her inspection of the Di Lusso Property and considering other properties to generate relevant comparables.[1] This was an increase of $3,000.00 from her

---

[1] One day before the hearing, Wells Fargo filed an amended appraisal for Ms. Huffman which included properties and information not properly submitted for the evidentiary hearing as set forth in the court's evidentiary hearing scheduling order. The original appraisal and testimony statement were filed pursuant to the order of this court establishing the evidentiary hearing schedule. Wells Fargo explained the new appraisal as a "corrected" appraisal, because Ms. Huffman's original appraisal valued the Di Lusso Property as of January 2009. The court denied the admission of this late filed appraisal. The 2010 appraisal did not merely "correct" a typographical or other clerical error, but attempted to introduce a different appraisal report the day before the evidentiary hearing.

Wells Fargo was allowed to present Ms. Huffman's rebuttal testimony and counsel for Wells

January 2009 opinion that the Di Lusso Property had a value of $175,000.00.

Ms. Huffman testified that the market for the Di Lusso Property was relatively stable, but declining slightly. Her adjustment to the comparables for time of sale was a one percent per month reduction since the 2009 appraisal. She concurred that foreclosure sales should be included in an appraisal, and are considered as a factor, but not determinative, in the valuation of real property.

For comparables, Ms. Huffman identified several properties not included in the Miller appraisal. These are identified as 6418 Di Lusso Drive (December 1, 2009 - $192,000.00 sale) and 6967 Storia Way (November 11, 2009 - $183,000.00 sale). The court was not presented with the specifics for these properties or adjustments which should be made as part of the necessary comparable property analysis.

Ms. Huffman's comparables included properties sold during the period December 2008 through January 2009. The unadjusted sales for these properties ranged from $175,000.00 to $200,000.00. When adjusted for condition and structural differences, Ms. Huffman's comparables are in a value range of $170,000.00 to $193,000.00. The adjustments do not include any for the condition of or repairs to the Di Lusso Property. Her appraisal report states that there were no physical deficiencies or adverse conditions to the Di Lusso

---

Fargo effectively presented in that rebuttal testimony Ms. Huffman's opinion of valuation changes since January 2009. Additionally, both appraisers testified that values in the area of the Di Lusso Property were relatively stable, and that there was a modest downward pressure (1% per month adjustment by Ms. Huffman) on values. The January 2009 appraisal by Ms. Huffman provided relevant information to the determination of value.

Property.

The rebuttal testimony provided by Ms. Huffman and the cross-examination of Mr. Miller included consideration of the adjustments not made by Mr. Miller for the 9042 Duovo Way and 9085 Duovo Way properties. These two properties are across the street from a high school. The Di Lusso Property is not located across from the high school, but several blocks down in an area consisting only of residential homes. Mr. Miller's appraisal does not make an adjustment for the location of the comparables.

The court ultimately must determine the value of the Di Lusso Property, and not merely choose one appraisal or the other. In this case, both appraisals and the testimony of the witnesses provide valuable information to the court, and neither appear to fully make the necessary adjustments to the comparables. The court determines the value of the Di Lusso Property to be $145,000.00.

Starting with Ms. Huffman's testimony and appraisal, the best comparables are those with an adjusted value, as of December 2008/January 2009 period, in the $170,000.00 to $180,000.00 range. The court also concurs that the real estate market for the Di Lusso Property has continued to decline, and anyone attempting to sell property faces competition from lenders selling REO properties and short sales from home owners attempting to avoid having a foreclosure as part of their credit history. Ms. Huffman's testimony was that approximately seventy-two percent of the sales or marketed properties were bank owned or foreclosure properties. Due to the downward pressure on prices during 2009 and into 2010, the court finds that a further downward adjustment of $20,000.00 from the earlier sales prices identified by Ms. Huffman is

warranted.

The court also finds that an adjustment needs to be made to the value of the Di Lusso Property for the necessary repairs (not remodeling). Mr. Miller testified to specific repair items for structural settlement, water leakage around doors, paint, carpeting, and minor sheetrock work. Though structural settlement and water leakage around doors may be indicative of more significant problems, no such evidence was presented and the court will consider them to be cosmetic issues. Addressing the cosmetic repairs is a valuation factor to be considered by the court (and any buyer) in adjusting the comparable values. The court concludes that a $10,000.00 downward adjustment for these condition and quality repair items is appropriate.

Making a $30,000.00 adjustment to Ms. Huffman's comparables, yields a range of $140,000.00 to $150,000.00. The court finds the value of the Di Lusso Property to be $145,000.00.

The court has also considered the analysis from Mr. Miller's appraisal. The two comparables which are of the closest in nature, quality, and substance to the Di Lusso Property have adjusted values of $131,550.00 and $140,050.00. However, these properties are located across the street from the high school, and Mr. Miller did not make any adjustment for this location difference in concluding that the value for the Di Lusso Property was $135,000.00. Based upon the testimony of Ms. Huffman and utilizing the information in her appraisal, it appears that the correct upward adjustment for the location difference is $10,000.00. This increases the amount under Mr. Miller's appraisal to $145,000.00.

///

**Valuation of Wells Fargo Secured Claim**

The determination of a secured claim is made pursuant to 11 U.S.C. §506(a). Under this section, the court must determine the value of the Debtors' interest in the Di Lusso Property, and then determine Wells Fargo's interest in the Debtors' interest. The Debtors' interest is $145,000.00. The senior lien on the Di Lusso Property is $159,465.00. After accounting for the senior lien, which exceeds the value of the Di Lusso Property, Wells Fargo's interest in the Di Lusso Property is $0.00, and therefore its secured claim under §506(a) is determined to be $0.00.

The court shall enter a separate order determining that Wells Fargo's secured claim is $0.00, and the balance of its claim shall be paid as an unsecured claim under the Chapter 13 Plan.

**Confirmation of Chapter 13 Plan**

Wells Fargo's first objection to confirmation is that the Debtors' Plan improperly classifies the Wells Fargo claim as a Class 2 claim. As a Class 2 claim, there would be a total payment of $0.00 made on the Wells Fargo secured claim under the Plan. Based on a Wells Fargo's alleged value of $178,000.00 for the Di Lusso Property, the Bank asserts that its claim is at least partially secured. Therefore, no modification can be made to the Wells Fargo claim since that claim is secured only by the Debtors' residence. However, since the actual value of the Di Lusso Property is determined by the court to be $145,000.00, and that value is completely exhausted by the senior lien, then Wells Fargo holds a completely unsecured claim. A completely unsecured claim may be valued under 11 U.S.C. §506(a). *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Lam*, 211 B.R. 36

(9th Cir. BAP 1997), appeal dismissed, 192 F.3d 1309 (9th Cir. 1999). This objection is overruled.

The second objection raised by Wells Fargo is that it interprets the Plan to immediately remove the Wells Fargo trust deed from the Di Lusso Property upon confirmation. The court does not read the Plan to so provide, nor understand that the Debtors contend that the Plan does such. To avoid any confusion, the order confirming the Plan shall include the following provision,

> **IT IS FURTHER ORDERED** that the valuation of the Wells Fargo Bank secured claim to be $0.00 does not alter or impair the lien rights of the creditor pending completion of the Plan and entry of the Debtors' discharge. Upon entry of the Debtors discharge, the Debtors shall make demand and enforce such rights as may exist under the Note, Trust Deed, loan agreement, and applicable law to demand and obtain a reconveyance of the Trust Deed.

The balance of objections stated by Wells Fargo are variants of Wells Fargo asserting that it has a secured claim in excess of $0.00, and the Debtors' Plan does not provide for paying such amounts in excess of $0.00. The court having determined the value of the Di Lusso Property and that the Wells Fargo secured claim is $0.00 for payment under the Chapter 13 Plan, the balance of objections are overruled.

The Plan complies with the provisions of 11 U.S.C. §1322 and §1325 and is confirmed.

Counsel for the Debtors shall prepare an appropriate order confirming the amended Chapter 13 Plan, transmit the proposed order to the Chapter 13 Trustee for approval as to form, and if so
///
///
///

approved, the Chapter 13 Trustee will submit the proposed order to the court.

Dated: September 14, 2010

                           RONALD H. SARGIS, Judge
                           United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Austin Nagel
111 Deerwood Rd #388
San Ramon, CA 94583

Mark Wolff
8861 Williamson Dr #30
Elk Grove, CA 95624-7920

Rachel Russell
6312 Di Lusso Dr
Elk Grove, CA 95758

Robert Russell
6312 Di Lusso Dr
Elk Grove, CA 95758

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814